THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2013 JAN -4  AM 10: 23
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CHRISTOPHER PALMER,

  Plaintiff

-VS-

CITIGROUP INC. d/b/a CITI CARDS, and
UNITED COLLECTION BUREAU, INC.,

  Defendants
_____/

CASE NO.:

2:13-CV-04-FKM-99DNF

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3.    The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6.    Plaintiff is an "alleged debtor."

7.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant Citigroup Inc. d/b/a Citicards (hereinafter "Citi") is a corporation and a citizen of the state of New York, with its principal place of business at 399 Park Ave, New York, NY 10043.

9. Defendant, Citi, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "United Collection Bureau, Inc."

10. Defendant, Citi, is a "creditor" as defined by Florida Statute 559.55(3) and 15 U.S.C §1692(a)(4).

11. Defendant, United Collection Bureau (hereinafter "UCB"), is a corporation and a citizen of the State of Ohio with its principal place of business at 5620 Southwyck Blvd., Ste. 206, Toledo, OH, 43614.

12. Defendant UCB is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

14. Defendant, Citi, followed their corporate policy when attempting to collect and communicate with the Plaintiff.

15. Defendant, UCB, followed their corporate policy when attempting to collect and communicate with the Plaintiff.

16. Defendant Citi placed approximately one thousand (1,000) calls, by and through their third party collector, to the Plaintiff's cellular telephone

17. Defendant UCB called the Plaintiff approximately one thousand (1,000) times over a three month period, in an attempt to collect a debt.

18. Defendant, UCB, was acting on behalf of Defendant Citibank, the original creditor. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 565 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call").

19. Defendants, Citi and UCB, attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

20. Defendant UCB intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21. Each call the Defendant UCB made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

23. In or about the beginning of August 2012, Plaintiff began receiving calls to his cellular telephones, (239) 738-5115 and (239) 898-3711, from the Defendant, UCB, in which they left him a prerecorded voicemail for "Stacy Ragsdale or Erik Ragsdale". Plaintiff promptly returned the phone call the same day and informed the Defendant that he did not owe them any money and requested he be taken off their call list.

24. On approximately five (5) occasions, the Plaintiff has returned Defendant UCB's call in an effort to inform them of their mistake.

3

25. On or about September 2012, Defendant UCB continued to call Plaintiff's cellular phones, using an automatic telephone dialing system, for "Stacy Ragsdale or Erik Ragsdale." Plaintiff returned Defendant's call and spoke with an agent or representative of the Defendant. Plaintiff informed Defendant he was Chris Palmer, and Stacy had re-married. Instead of contacting the appropriate party, the Defendant insisted that Plaintiff pay for someone else's debt.

26. The Defendant, UCB, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

27. Despite actual knowledge of their wrongdoing, Defendant, UCB, continued the campaign of abuse.

28. Defendant, UCB, continued to call the Plaintiff every two (2) hours, each day, per their corporate policy, from August 2012 through the filing of this complaint.

29. Plaintiff has received approximately one thousand (1,000) calls in total from the Defendant, which are continuing through the filing of this complaint.

30. Defendant, UCB, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

31. Defendant, UCB's, corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

32. Defendant, UCB's, corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

33. Defendant UCB has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

34. Defendant UCB has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

35. Plaintiff did not expressly consent to Defendant, UCB's, placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

36. Defendant, Citi, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

37. Defendant, Citi's, corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

38. Defendant, Citi's, corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

39. Defendant Citi has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

40. Defendant Citi has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

41. Plaintiff did not expressly consent to Defendant, Citi's, placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

42. None of Defendant, UCB's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43. Defendants, Citi and UCB, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA- "Citi")

44. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

45. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA- "UCB")

46. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FCCPA- "Citi")

48.     Plaintiff incorporates Paragraphs one (1) through forty-one (41).

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

53.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA- "UCB")

54.     Plaintiff incorporates Paragraphs one (1) through forty-one (41).

55.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

56. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

57. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

58. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

59. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violations of the FDCPA- "UCB")

60. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

61. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

62. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

63.  Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

64.  Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

65.  Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/William Peerce Howard*
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
bhoward@forthepeople.com
Attorney for Plaintiff

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0098228
aallen@forthepeople.com
Attorney for Plaintiff