**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.: 2:13-CV-00004**

CHRISTOPHER PALMER,

    Plaintiff,

vs.

CITIGROUP INC. d/b/a CITI CARDS,

and

UNITED COLLECTION BUREAU, INC.,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, CITIBANK, N.A. (improperly identified as "CITIGROUP INC. d/b/a CITI CARDS" ("Citibank" or "Defendant") and files this Answer and Affirmative Defenses to the Plaintiff's Complaint and states:

1. Admit that the Plaintiff has brought suit under the FCCPA, FDCPA and TCPA, but denied he is entitled to any relief thereunder.

2. Admitted for jurisdictional purposes only; as to all other allegations contained herein, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

3. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

4. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

5. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

6. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

7. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

8. Defendant admits that Citibank is a national bank located in Sioux Falls, South Dakota; otherwise, denied.

9. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

10. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

11. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

12. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

13. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

14. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

15. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

16. Denied.

17. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

18. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

19. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

20. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

21. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

22. To the extent the term "Defendant" relates to Citibank, denied; otherwise, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

23. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

24. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

25. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

26. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

27. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

28. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

29. To the extent the term "Defendant" related to Citibank, denied; otherwise, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

30. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

31. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

32. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

33. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

34. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

35. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

43. Denied.

44. Defendant re-alleges and re-incorporates paragraphs 1 through 43 as if fully restated herein.

45. Denied.

46. Defendant re-alleges and re-incorporates paragraphs 1 through 43 as if fully restated herein.

47. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

48. Defendant re-alleges and re-incorporates paragraphs 1 through 43 as if fully restated herein.

49. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant re-alleges and re-incorporates paragraphs 1 through 43 as if fully restated herein.

55. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

56. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

57. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

58. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

59. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

60. Defendant re-alleges and re-incorporates paragraphs 1 through 43 as if fully restated herein.

61. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

62. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

63. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

64. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

65. Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Complaint, therefore denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff provided his prior express consent to be called on his cellular telephone.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Citibank.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject, in whole or in part, to a written arbitration agreement contained in the terms and conditions of the credit card account underlying the placement of any calls as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject, in whole or in part, to setoff of any funds that Plaintiff is deemed to owe Citibank.

WHEREFORE, Defendant respectfully requests an Order dismissing the case and awarding it attorneys' fees and costs.

Respectfully submitted by:

/s/ Dale T. Golden
/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
/s/ Charles J. McHale
Dale T. Golden, Esquire
Charles J. McHale, Esquire